**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **COTHERN'S TANKER INSPECTIONS, LLC** | § | |
| Plaintiff, | § | |
| v. | § | **NO. AU:21-CV-00098-RP** |
| | § | |
| **KYLE DYLAN GRIFFITH** | § | |
| Defendant. | § | |

**BRIEF**

COMES NOW, **KYLE DYLAN GRIFFITH,** the Defendant in this cause, and submits this brief in support of its Response to the Application for Injunction filed by Plaintiff and in support thereof would show the following:

**INJUNCTIVE RELIEF**

Injunctive Relief is authorized by FRCP 65. The purpose of a preliminary injunction is to preserve the status quo pending a final determination of the merits.

Injunctive relief is authorized by general principals of equity, federal statutes or state law. *eBay Inc. v. Merc Exchange, LLC*, 547 U.S. 388,391 (2006) In order to obtain an injunction, a Plaintiff must address the following equitable factors for granting injunctive relief: 1) Irreparable injury, 2) no adequate remedy at law, 3) a likelihood of success on the merits, 4) the balance of hardships and 5) the effect on the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)

The "irreparable injury" is one that cannot be prevented or fully rectified by a final judgment following a trial. *Deerfield Med. Ct. v. City of Deerfield Beach*, 661 F. 2d 328,338(5th

Civ. 1981) It must be harm that cannot be undone by an award of monetary damages. It must be actual and imminent.

There can be no adequate remedy at law. Obviously, in this case, there is an adequate remedy at law shown by Plaintiff's claim for damages.

There must also be a showing of substantial likelihood of success. Plaintiffs are unable to make such argument based on the facts presented to this Court.

## **COVENANT NOT TO COMPETE**

The criteria for enforceability of Covenants Not to Compete in Texas is set out in Texas Business and Commerce Code Section 15.50(a):

> "Notwithstanding Section 15.05 of this Code, and subject to any applicable provision of subsection (b) a covenant not to compete is enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made to the extent that it contains limitations as to the time, geographical area and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protest the goodwill or other business interest of the promisee"

For a Non-Compete covenant to be ancillary to or part of an otherwise enforceable agreement", the employer must establish that (1)"the consideration given by the employer in the otherwise enforceable agreement, gives rise to the employers' interest in restraining the employee from competing"; and (2)"the covenant is designed to enforce the employee's consideration or return promise in the otherwise enforceable agreement." *Mann Frankfort Stein & Lipp Advisors, Inc v. Fielding* 289 S.W. 3d 844, 849 (Tex2009); see also *EMS USA, Inc v. Sharry* 309 SW 3d 653

Tex. App. 14th District 2010. No pet); *Alex Sheshunoff Mgmt Servs, LP v. Johnson* 209 S.W. 3d 644 (Tex 2006) Unless both requirements are satisfied, the non compete covenant is a "naked restraint of trade and unenforceable". See *Mann* at 849.

An agreement not to compete, like any other contract must be supported by consideration. *De Santis v. Wackonhut Corp.*, 793 S.W. 2d 670,681 (Tex 1990); *Sheshunoff* at 651 The agreement cannot be a stand alone promise from the employee lacking any new consideration from the employer.

The covenant not to compete in this case fails to meet the requirements of the statute as well as the case law and fails to support entry of a Temporary Injunction.

                                          Respectfully submitted,
                                          **THE DILLARD LAW FIRM**

                                          By: _/s/: Jack W. Dillard_____
                                          JACK W. DILLARD
                                          State Bar No.: 05865120
                                          P. O. Box 5450
                                          Bryan, Texas 77805
                                          Telephone:  (979) 775-3910
                                          Facsimile:   (979) 485-9809
                                          Email: jwdlaw@aol.com
                                          ATTORNEY FOR DEFENDANT, KYLE DYLAN GRIFFITH

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing ***Brief*** was served on Plaintiff in accordance with the Federal Rules of Civil Procedure on this __29th__ day of October, 2021, to the following:

**SHURTLEFF LAW FIRM, PC**
**HUNTER SHURTLEFF**
State Bar No: 00794629
P.O. Box 9618
College Station, Texas 77842
(979) 446-4012 Telephone
(979) 431-0065 Telecopier
E-mail: hunter@shurtleflaw.com
**ATTORNEYS FOR PLAINTIFFS**

                                           /s/: Jack W. Dillard_____
                                           **JACK W. DILLARD**
                                           Attorney for Defendant, KYLE DYLAN GRIFFITH