IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COTHERN'S TANKER INSPECTIONS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| KYLE DYLAN GRIFFITH, | § § | 1:21-CV-98-RP |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiff and Counter-Defendant Cothern's Tanker Inspections, LLC's ("Cothern's") Motion for a Preliminary Injunction (the "Motion") filed July 22, 2021. (Dkt. 19). Defendant Kyle Dylan Griffith ("Griffith") filed responsive briefing, (Dkts. 31 & 34), and the Court held a hearing on the Motion, (Prelim. Inj. Hr'g, Dkt. 35), on November 1, 2021. For the reasons discussed below, the Court finds that Cothern's has not carried its burden to establish irreparable harm, and accordingly will deny Cothern's motion.

**I. BACKGROUND**

Cothern's is a tanker truck inspection company headquartered in Burleson County, Texas. (Pet., Dkt. 1-2, at 15). Griffith began working for Cothern's as an inspector contractor in 2011 and received training at that time. (Resp., Dkt. 31, at 2). In 2013, he signed a document titled "Contract Laborer Non-Compete Agreement" (the "Non-Compete"). (Mot. Prelim. Inj., Dkt. 19, at 14). Griffith's employment with Cothern's ended in 2020 under disputed circumstances. Cothern's suggests that Griffith left of his own volition. (Mot. Prelim. Inj., Dkt. 19, at 2). Griffith counters that he was terminated after refusing to sign a new non-compete agreement presented to him by CEO Wes Cothern. (Resp., Dkt. 31, at 2).

1

Following the termination of his business relationship with Cothern's, Griffith continued to conduct tanker inspections as he had done as a Cothern's contractor, including for clients he previously served as part of his employment with Cothern's. (Mot. Prelim. Inj., Dkt. 19, at 2). Cothern's claims that, by continuing to conduct his inspection business, Griffith violated the Non-Compete. (Mot. Prelim. Inj., Dkt. 19, at 4). It further alleges that Griffith misappropriated trade secrets and proprietary information, acquired through his training and experience with Cothern's, in order to profit from business with former Cothern's customers. (*Id.*). Specifically, it claims that Cothern's developed a specialized training program, inspection tools and equipment, and a database of customer information that Griffith is now using to compete with Cothern's. (*Id.* at 3).

Cothern's filed suit in the District Court of Burleson County, Texas, on December 28, 2020. (Pet., Dkt. 1-2, at 15). It brought claims for breach of the Non-Compete, misappropriation of confidential information and trade secrets, conversion, tortious interference, and unjust enrichment. (*Id.* at 19–21). It also sought, and the state court granted, a temporary injunction restraining Griffith from competing with Cothern's. (State TRO, Dkt. 1-2, at 7). Griffith counterclaimed for tortious interference with prospective relations and for breach of contract arising out of the $12,990.99 in fees for inspections that Cothern's allegedly owes him. (State Answer, Dkt. 1-2, at 42–43). Griffith removed this action to the United States District Court for the Western District of Texas on February 1, 2021. (Notice of Removal, Dkt. 1). On July 22, 2021, Cothern's filed the instant Motion. (Mot. Prelim. Inj., Dkt. 19). Griffith filed responsive briefing on September 22, (Resp., Dkt. 31), and October 29, (Br., Dkt. 34). The Court held a hearing on the Motion on November 1, 2021, (Dkt. 35), at which it took evidence and heard arguments by the parties.

## II. STANDARD OF REVIEW

A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050

(5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). A movant cannot be granted a preliminary injunction unless it can establish that it will suffer irreparable harm without an injunction. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

### III. DISCUSSION

Here, the Court's analysis begins and ends with its finding that Cothern's has failed to meet its burden to show that it will be irreparably harmed in the absence of an injunction. Cothern's claims that Griffith's conduct allegedly in breach of the Non-Compete is causing it to "continue to suffer probable, imminent, and irreparable losses to its tanker inspection business." (Mot. Prelim. Inj., Dkt. 19, at 5). It argues that Griffith has caused it irreparable harm based on his "unauthorized use of [Cothern's] tools, forms and trade secrets, [and] continuing to solicit and provide services for the current and prospective customers of [Cothern's,]" and that "further harm to [Cothern's] industry goodwill and customer base will occur." (*Id.* at 7). Cothern's asserts that no adequate remedy law is available, because it will be unlikely or impossible for it to recover customers and prospective customers lost to Griffith, and that Griffith would be unable to compensate Cothern's for any damages. (*Id.*). Griffith argues that any harm shown is compensable in damages. (Br., Dkt. 34, at 2). The Court agrees with Griffith.

A showing of a "substantial threat of irreparable injury" requires that the threatened harm be imminent and one that cannot be remedied through damages. First, the threat of injury must be substantial—meaning, "the threat must be actual and imminent, not conjectural or hypothetical."

3

*Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *see also Google, Inc. v. Hood*, 822 F.3d 212, 228 (5th Cir. 2016) (injury must be imminent and non-speculative). Second, the injury must be irreparable—an injury "for which compensatory damages are unsuitable." *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 24 (5th Cir. 1992); *see also Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") (cleaned up); *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) ("In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages."); *G&G Closed Circuit Events, LLC v. 1) GCF enterprises LLC*, 2015 WL 7313427, at *5 (W.D. Tex. Nov. 19, 2015) ("An irreparable injury is defined as one which cannot be undone through monetary remedies.").

Here, Cothern's has not met its burden of demonstrating that monetary damages are inadequate to remedy the alleged harm it has suffered. Cothern's argues that the injury from lost present and future clients and lost returns on the training it provided to Griffith are incapable of calculation. However, pecuniary gains are precisely the type of injury that can be calculated and redressed by money damages at a later time. *See Danden Petroleum, Inc. v. N. Nat. Gas Co.*, 615 F. Supp. 1093, 1099 (N.D. Tex. 1985) ("Injuries which can be compensated by money damages at a later time are not irreparable and do not warrant the extraordinary remedy of an injunction."); *DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990) ("There can be no irreparable injury where money damages would adequately compensate a plaintiff."). If Cothern's prevails on the merits, any lost revenue could be easily quantified, a conclusion only bolstered by Griffith's counterclaim for the outstanding fees for services he provided while employed by Cothern's. (Orig. Answer, Dkt. 1-2, at 41).

At the hearing, Riley Buford Cothern, founder and owner of Cothern's, provided testimony estimating the losses incurred from Griffith's alleged misconduct. (Prelim. Inj. Hr'g, Dkt. 35). When asked whether he would be able to compensate Cothern's for any damages found, based on this estimate, Griffith assured the Court that he was sufficiently solvent to do so. (*Id.*) Both Buford Cothern's ability to estimate the monetary damages, and Griffith's assurance that he has the financial means to comply with an order for the estimated damages, cut against the assertion by Cothern's that its alleged injury is irreparable. *See Pruvit Ventures, Inc. v. Forevergreen Int'l LLC*, 2015 WL 9876952, at *7 (E.D. Tex. Dec. 23, 2015), *report and recommendation adopted*, No. 4:15-CV-571, 2016 WL 231160 (E.D. Tex. Jan. 19, 2016) (potential lost sales revenue compensable through damages is insufficient to support a finding of irreparable harm); P*ruvit Ventures, Inc. v. Forevergreen Int'l LLC*, 2015 WL 9876952, at *7 (E.D. Tex. Dec. 23, 2015), *report and recommendation adopted*, No. 4:15-CV-571, 2016 WL 231160 (E.D. Tex. Jan. 19, 2016) (sales figures that are known or "otherwise readily ascertainable" weighed against finding of irreparable harm). Cothern's has provided no evidence that the absence of an injunction would impair the Court's ability to order such a damages remedy.

Cothern's also claims that Griffith is causing it to suffer non-compensable reputational harm to its goodwill and customer relationships. (Mot. Prelim. Inj., Dkt. 19, at 7). However, "while reputational injury can be used to establish irreparable harm in certain circumstances, the showing of reputational harm must be concrete and corroborated, not merely speculative." *Pruvit Ventures, Inc. v. Forevergreen Int'l LLC*, No. 4:15-CV-571-ALM-CAN, 2015 WL 9876952, at *5 (E.D. Tex. Dec. 23, 2015), *report and recommendation adopted*, No. 4:15-CV-571, 2016 WL 231160 (E.D. Tex. Jan. 19, 2016); *see also Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) ("[S]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."). Cothern's has failed to produce evidence to establish that any purported reputational injury is sufficiently concrete to sustain a finding of irreparable harm.

Because Cothern's has failed to establish any imminent injury that cannot be compensated in money damages, it has not carried its burden to show that it is likely to be irreparably harmed in the absence of a preliminary injunction. In the Fifth Circuit, "preliminary injunctions will be denied based on a failure to prove separately each of the four elements of the four-prong test for obtaining the injunction." *Gonannies*, 464 F. Supp. 2d at 608. Accordingly, absent a showing of irreparable harm, Cothern's is not entitled to a preliminary injunction.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff Cothern's Tanker Inspections, LLC's Motion, (Dkt. 19), is **DENIED**.

**SIGNED** on December 9, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE